UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

STEVEN LEWIS,

           Plaintiff,

    v.

NEVADA COUNTY; JIM CASHEY, IN
HIS INDIVIDUAL, OFFICIAL
AND/OR AGENCY CAPACITY; OTHER
UNKNOWN POLICE OFFICERS;
WOLFGANG PERNER; RICHARD GILL;
ROBERT CARBALLAR; BILL
SHAUFLER; JEFF MCMANNIS; DOES
1 THROUGH 10, INCLUSIVE,

           Defendants.

NO. CIV. S-07-1653 FCD/EFB

ORDER GRANTING ATTORNEY
WITHDRAWAL

----oo0oo----

This matter is before the court on plaintiff's counsel
Nathaniel Potratz's motion to withdraw as attorney of record.
E.D. Cal. L.R. 83-182(d); Cal. Rule Prof. Conduct 3-700(C)(1)(d);
Cal. Rule Prof. Conduct 3-700(D).[1]

Plaintiff has yet to retain new counsel, and thus, if Mr.
Potratz's motion is granted, plaintiff will proceed in *pro per*.

---

[1] Because oral argument will not be of material assistance,
the court orders this matter submitted on the briefs.  E.D. Cal.
L.R. 78-230(h).

1

1  Pursuant to Eastern District Local Rule 83-182(d):

2          [A]n attorney who has appeared may not withdraw leaving
           the client in propria persona without leave of Court
3          upon noticed motion and written notice to the client
           and all other parties who have appeared.  The attorney
4          shall provide an affidavit stating the current or last
           known address or addresses of the client and the
5          efforts made to notify the client of the motion to
           withdraw.
6
7          In his affidavit submitted in support of the motion, Mr.

8  Potratz sets forth plaintiff's current address and telephone

9  number.  Further, counsel represents that he informed plaintiff

10 of this motion by telephone call and by mail to plaintiff's last

11 known address.  Accordingly, the court finds that counsel has

12 complied with the procedural requirements of Local Rule 83-

13 182(d).

14         Local Rule 83-182(d) further provides that "[w]ithdrawal as

15 attorney is governed by the Rules of Professional Conduct of the

16 State of California, and the attorney shall conform to the

17 requirements of those rules."  California Rule of Professional

18 Conduct, Rule 3-700(C)(1)(d) permits, but does not require, an

19 attorney to withdraw where the client "renders it unreasonably

20 difficult for the member to carry out the employment

21 effectively."  In his affidavit, Mr. Potratz represents that

22 "[p]laintiff has breached the attorney-client retainer agreement

23 by failing to cooperate with me in a number of respects[.]

24 Plaintiff has failed and refused to follow my advice.  Plaintiff

25 has failed to communicate with me.  There has been a resulting

26 breakdown in the attorney-client relationship."  Based on this

27 representation, the court finds that counsel has satisfied Rule

28

1  3-700(C)(1)(d)'s grounds for permissive withdrawal.[2]

2  Notwithstanding the above, Rule 3-700(a) provides that

3  "a member shall not withdraw from employment until the

4  member has taken reasonable steps to avoid reasonably

5  foreseeable prejudice to the rights of the client . . ."

6  Here, plaintiff will not suffer injustice or delay if

7  counsel is permitted to withdraw.  Trial in this matter is

8  set for June 8, 2010.  Plaintiff has sufficient time to

9  retain substitute counsel, should he wish to, and for that

10  lawyer to become familiar with the case and relevant issues.

11  Accordingly, plaintiff's counsel Nathaniel Potratz's

12  motion to withdraw as attorney of record is GRANTED.  Steven

13  Lewis, as an individual, shall appear in the above entitled

14  case *pro per*.  The Clerk of the Court is directed to add Mr.

15  Steven Lewis to the service list; his address is P.O. Box

16  274, Carmichael, CA, 95609, and his telephone number is

17  (916) 821-5192.  This case is hereby referred to the

18  magistrate judge assigned to this case for all pre-trial

19  purposes.  See 28 U.S.C. § 636(b)(1)(B); E.D. Cal. L.R.

20

21  [2] Mr. Potratz also represents that he has grounds requiring
mandatory withdrawal which he could reveal *en camera*.  California
22  Rule of Professional Conduct, Rule 3-700(B) requires an attorney
to withdraw if "(1) The member knows or should know that the
23  client is bringing an action, conducting a defense, asserting a
position in litigation . . . without probable cause and for the
24  purpose of harassing or maliciously injuring a person; or (2) The
member knows or should know that continued employment will result
25  in violation of these rules or of the State Bar Act; or (3) The
member's mental or physical condition renders it unreasonably
26  difficult to carry out the employment effectively."
Because the court finds that there are grounds to allow
27  permissive withdrawal, it is not necessary to conduct an *en
camera* interview with counsel to assess any further grounds
28  warranting mandatory withdrawal.

3

1    72-302(c)(21).

2         IT IS SO ORDERED.

3    DATED: February 23, 2009.

4                                         _____
                                          FRANK C. DAMRELL, JR.
5                                         UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4